IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

BRENDA BUENDIA,

       Plaintiff,

vs.                                                  No. 01cv0973 LH/JHG

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

       Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

       This matter is before the Court on Plaintiff's (Buendia's) Motion to Reverse or Remand Administrative Agency Procedure, filed April 26, 2002. This is a disability redetermination case. Buendia became eligible for Supplemental Security Income (SSI) benefits as a child on April 4, 1981. On January 21, 1998, Buendia was notified that her SSI benefits would stop because she was no longer considered disabled under the new definition of disability for adults under the Personal Responsibility and Work Opportunity Reconciliation Act of 1996, Pub.L.No. 104-193, § 212, 110 Stat. 2105, 2193 (1996)(amending 42 U.S.C. § 1382c(a)(3)(H)). The Personal Responsibility and Work Opportunity Reconciliation Act of 1996 directed the Commissioner to redetermine Buendia's eligibility within one year of her eighteenth birthday and to apply the same criteria applied to an adult's initial disability application. *Id.* Ultimately, the Commissioner of Social Security issued a final decision denying Buendia's application for SSI benefits. Having considered the arguments, pleadings, administrative record, relevant law, and being otherwise

fully informed, the Court finds the motion to remand is well taken and recommends that it be GRANTED.

Buendia became eligible for SSI on April 4, 1981. On January 21, 1998, the Commissioner notified Buendia that her SSI benefits would stop because she was no longer considered disabled under the new definition for adults. Buendia filed a request for reconsideration on February 3, 1998. After appearing at a disability hearing on July 23, 1998, Buendia was denied benefits. On August 26, 1998, Buendia filed her request for an Administrative Law Judge (ALJ) Hearing which was granted and held on March 3, 1999. On July 28, 1999, the Commissioner's ALJ denied benefits, finding Buendia was not disabled. The Appeals Council denied Buendia's request for review of that decision. Hence, the decision of the ALJ became the final decision of the Commissioner for judicial review purposes. Buendia seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

The standard of review in this Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether he applied correct legal standards. *Hamilton v. Secretary of Health and Human Services,* 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). Moreover, "all of the ALJ's required findings must be supported by substantial evidence," *Haddock v. Apfel,* 196 F.3d 1084, 1088 (10th Cir. 1999), and all of the relevant medical evidence of record must be considered in making those findings, *see Barker v. Bowen*, 886 F.2d 289, 291

(10th Cir. 1989). "[I]n addition to discussing the evidence supporting his decision, the ALJ must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996). Therefore, while the Court does not reweigh the evidence or try the issues de novo, *see Sisco v. United States Dep't of Health & Human Servs.*, 10 F.3d 739, 741 (10th Cir. 1993), the Court must meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings, in order to determine if the substantiality test has been met. *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994).

In order to qualify for disability insurance benefits or supplemental security income, a claimant must establish a severe physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity. *Thompson v. Sullivan*, 987 F.2d 1482, 1486 (10th Cir. 1993)(citing 42 U.S.C. §423(d)(1)(A)). The regulations of the Social Security Administration require the Commissioner to evaluate five factors in a specific sequence in analyzing disability applications. 20 C.F.R. § 404.1520 (a-f). The sequential evaluation process ends if, at any step, the Commissioner finds the claimant is not disabled. *Thompson v. Sullivan*, 987 F.2d at 1487.

At the first four levels of the sequential evaluation process, the claimant must show she is not engaged in substantial gainful employment, she has an impairment or combination of impairments severe enough to limit her ability to do basic work activities, and her impairment meets or equals one of the presumptively disabling impairments listed in the regulations under 20 C.F.R. Part 404, Subpt. P, App. 1, or she is unable to perform work she had done in the past. 20 C.F.R. §§ 404.1520 and 416.920. At the fifth step of the evaluation, the burden of proof shifts to

3

the Commissioner to show the claimant is able to perform other substantial gainful activity considering her residual functional capacity, age, education, and prior work experience. *Id.*

In support of her motion to reverse or remand, Buendia makes the following arguments: (1) the ALJ erred in finding she could perform a full range of light level work; and (2) the ALJ failed to adequately develop the record regarding her mental impairment and ability to perform work.

The Court will first address Buendia's argument that the ALJ failed to develop the record regarding her mental impairment. Buendia contends the ALJ should have ordered a psychological consultative evaluation. The Court agrees.

The Court recognizes that "[a]lthough a claimant has the burden of providing medical evidence proving disability, the ALJ has a basic duty of inquiry to fully and fairly develop the record as to material issues." *Baca v. Dep't of Health and Human Servs.,* 5 F.3d 476, 479-80 (10th Cir. 1993). The ALJ's duty to develop the record in a social security disability hearing is heightened when claimant is unrepresented. *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). "The length, or brevity, of a benefits hearing is not dispositive of whether or not the ALJ met the heightened obligation to fully develop the record in a case where the claimant is unrepresented. The more important inquiry is whether the ALJ asked sufficient questions to ascertain (1) the nature of a claimant's alleged impairments, (2) what on-going treatment and medication the claimant is receiving, and (3) the impact of the alleged impairment on a claimant's daily routine and activities." *Id.* at 1374-375.

In this case, Mrs. Buendia, claimant's mother, testified at the administrative hearing that Buendia had a problem following directions or instructions. Tr.41-43. Although Mrs. Buendia

4

had difficulty articulating Buendia's problem, she attempted to inform the ALJ that her daughter's problem was not one of disobedience or not listening but of "forgetting." Tr. 41. The ALJ proceeded to inquire as to whether Mrs. Buendia "had a punishment" when Buendia did not do as instructed. *Id.* Mrs. Buendia responded "Why am I going to punish her when I know she has a problem?" *Id.*

In addition, Mrs. Buendia informed the disability hearing officer that Buendia had no friends, did not go out socially, was immature, was afraid to go out to the store alone, and did not do very much independently. Tr. 214. The disability hearing officer opined Buendia led an isolated life, had very little experience in carrying out tasks of daily living, had poor adaptive functioning, had deficits in social and academic functioning and in concentrating and persisting at tasks, and was limited in her ability to interact appropriately with the general public. *Id.* The disability hearing officer also noted Buendia was "difficult to understand, she's quiet– is very withdrawn and isolated– she does not communicate much." Tr. 202. The disability hearing officer described Buendia as having the "appearance of being retarded" with "a blank expression" and "not at all animated" but "cooperative and seemed to try to please." Tr. 207.

In his Advisory Psychiatric Review Technique form, Dr. Hunter, a non-examining consultative physician, noted "In my opinion the claimant has some psychological problems which are amenable to therapy. Her learning disability, even in combination with psychological issues of obesity and dependency, do not constitute a severe impairment." Tr. 375. However, Dr. Hunter does not explain how he arrived at the conclusion that Buendia's psychological problems were "amenable to therapy." The record does not reflect whether Dr. Hunter is a psychiatrist or a general practitioner.

Based on the record as a whole, Buendia raised the issue of having a psychological problem. *See, Hawkins v. Chater*, 113 F.3d 1162, 1167 (10th Cir. 1997)(claimant must in some fashion raise the issue sought to be developed). Therefore, the ALJ had a responsibility to order a consultative evaluation from a psychologist in order to resolve the issue of a mental impairment. *See* 42 U.S.C. § 421(h)(Secretary is required to make every reasonable effort to ensure that a qualified psychiatrist or psychologist assesses the claimant's RFC). On remand, the ALJ should request a psychological evaluation to include an assessment of Buendia's I.Q. The ALJ shall also consult with a vocational expert if he finds Buendia's nonexertional impairment(s) limit her ability to do the full range of work required of the pertinent RFC category on a daily basis. *See Ragland v. Shalala*, 992 F.2d 1056, 1058 (10th Cir. 1993)(grids should not be applied conclusively unless the claimant can perform the full range of work required of the pertinent RFC category on a daily basis and unless the claimant possesses the physical capacities to perform most of the jobs in that range).

## RECOMMENDED DISPOSITION

The ALJ did not apply correct legal standards and his decision is not supported by substantial evidence. Buendia's Motion to Remand should be granted.

_____
JOE H. GALVAN
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Within ten days after a party is served with a copy of these proposed findings and recommended disposition that party may, pursuant to 28 U.S.C. § 636 (b)(1), file written objections to such proposed findings and recommended disposition. A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.